IRVINGTON TRUST COMPANY, PLAINTIFF-APPELLEE, v. ASHER MAURER, DEFENDANT-APPELLANT.

Submitted January term, 1930—Decided July 1, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justice CAMPBELL.

For the appellant, *Maurice S. Maurer.*

For the appellee, *Adam J. Rossbach.*

PER CURIAM.

This is an appeal from a summary judgment entered upon the striking out of an answer in an action to recover upon a promissory note, made by the defendant to the order of Helene Weiss and by her negotiated to and discounted at, and held by the plaintiff, bank.

The complaint in the action is in the usual form, setting up the note, averring that upon its due date it was presented for payment at the place where it was made payable and it was not paid, that the note was the property of the plaintiff, bank, had not been paid and demanding the amount thereof, $1,000 and interest from its due date, June 10th, 1929. A copy of the note was attached to the complaint.

The answer of the defendant maker, which was struck out, admits the execution of the note but denies there is anything

due thereon, denies the plaintiff is the holder in due course, and for value, and denies that the defendant, maker, owes anything thereon either to the payee, Helene Weiss, or the plaintiff, bank. In addition nine separate defenses are set up:

1. That plaintiff is not the holder for value.

2. That plaintiff is not the holder in due course and was chargeable with knowledge of all defects in the note.

3. That plaintiff is not a holder in due course and is chargeable with all defenses available to defendant against the original holder.

4. That the defendant, maker, owes to Helene Weiss, the original payee, nothing on the said note.

5. That New Jersey Lamp Works, Incorporated, is indebted to the estate of Morris Weiss, deceased, in the sum of $1,000 and has given prior notes therefor, and the note sued on was intended to be a note of that corporation, of which the defendant is an officer, but the corporate designation was, by error, omitted: that Helene Weiss, administratrix of said estate, with full knowledge of said error in the execution of the note and with full knowledge that the defendant owed her nothing, took said note and discounted it at the plaintiff bank and took the proceeds for her own personal use.

6. That Helene Weiss has placed with the plaintiff bank securities to insure to it payment of the said note and of the moneys received by her thereon, and said plaintiff is not a holder of said note for value.

7. That the defendant received no consideration from said Helene Weiss for said note.

8. That said Helene Weiss cannot maintain any claim or recover judgment against the defendant upon said note and for that reason he is not liable thereon to the plaintiff.

9. That plaintiff having on deposit, as security for the payment of such note, moneys and assets of Helene Weiss it cannot hold defendant for the payment of such note. Defendant claims that Helene Weiss is alone responsible to the plaintiff for the moneys received by her from it as proceeds.

of the discount of the note and urges that she be made a party defendant.

Upon motion, upon notice, affidavits and counter affidavits, the answer was stricken out and summary judgment entered in favor of the plaintiff below, from which judgment the defendant below appeals and urges for reversal several grounds.

1. That the note was executed to Helene Weiss by mistake in that it was executed by the defendant, as maker, individually instead of as an officer of the New Jersey Lamp Works, Incorporated, and this being so to the full knowledge of Helene Weiss she took the note fraudulently and dishonestly, therefore her title is defective, and that defect makes it impossible for the plaintiff bank to be a holder in due course, and consequently the defense of error in execution is open to the defendant-appellant, as it would have been to him against the original payee, Helene Weiss.

But there is nothing in the proofs showing that the plaintiff-appellee had any actual notice of such alleged defect or error nor that its taking of and discounting of the note amounted to bad faith. The note is entirely regular upon its face and there is no language contained in it that would suggest, even slightly, that it was intended to be a corporate obligation. But appellant says the plaintiff-appellee had such facts putting it upon notice because its treasurer says in his affidavit used upon the motion to strike "that the note sued on is a renewal note of a succession of two prior notes, representing the same amount of money; the first given on September 10th, 1928, for $1,000, which note was signed by Asher Maurer, the defendant herein, made to the order of Helene Weiss and negotiated to the plaintiff; a renewal of said note was given on December 10th, 1928, for $1,000, signed by Asher Maurer, payable to the order of Helene Weiss and discounted with the plaintiff bank for $1,000; that the note in suit is the third note in the series or succession of notes and is made in the same manner, is signed in the same way, and is for the same amount as the prior notes * * *." Against this the appellant in his counter

affidavit asserts that he "has read the affidavit of Maxwell A. Cox (appellee's treasurer) and states that it is not true that the notes referred to were those of this deponent, but that they were the notes of the New Jersey Lamp Works, Incorporated, and further, that it is not true that the Irvington Trust Company had no notice or knowledge of the error set forth hereinbefore by this deponent, but that said Irvington Trust Company has in its possession in its files copies of the letters, notices and memoranda showing the relation of the New Jersey Lamp Works, Incorporated, to the entire transaction, and that the debt is that of the New Jersey Lamp Works, Incorporated." Attached to this affidavit are two letters of the appellee; one under date of June 8th, 1928, to New Jersey Lamp Works, which no doubt accompanied a return of a note or some other item of $1,000 of Helene Weiss, and the other under date of December 12th, 1928, to Helene Weiss, referring to the return to her of a note of the New Jersey Lamp Works for $1,000, which the trust company had recalled. The former of these is of too early a date to have reference to either of the notes set up in the affidavit of appellee's treasurer. The latter may refer to the note first referred to in such affidavit as falling due December 10th, 1928. These communications being without explanation can be of little value except to invite conjecture. But, be the situation what it may, and asume that the assertion in the affidavit of the treasurer of appellee respecting the notes preceding the one in suit, and who the maker of such notes was, as being erroneous, and the before-quoted statements in appellant's affidavit to be true, we are unable to see how any factual question is thereby raised permitting the appellant to defend. Neither fraud nor knowledge of facts amounting to bad faith upon the part of the appellee are shown.

Two of the requisites making one a holder in due course, under section 52 of the Negotiable Instruments act (3 *Comp. Stat., p.* 3734), are—

"3. That he took it in good faith and for value.

"4. That at the time it was negotiated to him he had no

notice of any infirmity in the instrument or defect in the title of the person negotiating it."

A defect in title is defined by section 55 of the same act to be:

"The title of a person who negotiates an instrument is defective within the meaning of this act when he obtained the instrument or any signature thereon by fraud, duress or force and fear or other unlawful means, or for an unlawful consideration, or when he negotiates it in breach of faith or under such circumstances as amount to a fraud."

Notice of such a defect or infirmity as to charge one to whom the instrument is negotiated is defined by section 56 of the act to be:

"To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect or knowledge of such facts that his action in taking the instrument amounted to bad faith."

The most that is urged is that Helene Weiss, the payee named in the note, took it with knowledge that the appellant had made an error in signing it personally, when, in fact, as he asserts, he should have executed it as an officer of the New Jersey Lamp Works, Incorporated. If this be so and constitutes such bad faith upon the part of Helene Weiss as to amount to fraud, which question we pass by, it is entirely impossible to spell out of any of the proofs in the case actual knowledge or knowledge of such facts as make for bad faith of the appellee.

In *Rice* v. *Barrington,* 75 *N. J. L.* 806, it is held: "Bad faith, not merely notice of suspicious circumstances, must be brought home to the holder for value of a negotiable note whose rights accrued before maturity in order to defeat his recovery upon the note on the ground of fraud in its inception." In *Montvale* v. *Bank,* 74 *Id.* 464, it is held: "The fact that a mayor of a municipality negotiates bonds which he had signed as mayor, was not sufficient to charge a bank, receiving them as collateral, with notice of the defect

in his title, where the bank had no knowledge of his lack of authority to dispose of them."

We conclude, therefore, that this ground is without factual or legal merit.

2. The next ground urged is that there was sufficient proof in the affidavit of appellant to raise the question of invalidity of the note, and therefore there was a factual question to be presented to a jury.

This has been fully answered under ground one, and adversely to the contention of appellant.

3. The third ground is quite to the same point as the last preceding ground and appears to be that appellant, personally, does not and never did owe Helene Weiss any sum of money, and that she took and negotiated the note in question dishonestly and in bad faith, and that appellee had knowledge of such facts, therefore is not a holder of the note in due course, and against it appellant is entitled to all defenses he would have had against the original payee.

Whatever may have been the actual situation between appellant and Helene Weiss, as has already been pointed out, there were no facts presented sufficient and necessary to charge the appellee.

4. The next ground is that Helene Weiss discharged and paid the note and therefore there was no liability as between the appellant and the trust company, appellee.

This is based upon the assumption and assertion of the appellant that Helene Weiss had a certain line of credit with the trust company, secured, collaterally, by certain securities which she had deposited with it, and that being so the trust company either did or should have charged against her account or collected from her through such collateral securities the note in question, as and when it fell due, and therefore may not look to appellant for payment therefor.

To state the proposition is to dismiss it for lack of legal support.

5. The final ground is that it was error to strike out the answer as being both sham and frivolous.

Ordinarily this would be technically true, but where, as

here, there are several defenses pleaded and attacked, some of which are sham, that is untrue, and others frivolous, that is presenting no legal defense if true, it is entirely proper and appropriate to strike them without particularizing which are sham and which are frivolous.

The judgment under review is affirmed, with costs.